**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| **MONTERIO ROSS,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:25-cv-1300-STA** |
| | ) | **No. 1:25-cv-1203-STA** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER GRANTING MOTIONS TO CONSOLIDATE
AND DIRECTING CLERK TO CLOSE 1:25-cv-01300-STA**

Monterio Ross, inmate number 78231-509, filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 on August 27, 2025, in case number 1:25-cv-01203-STA. Ross' motion was denied on January 27, 2026, and judgment was entered that same day. (ECF Nos. 7, 8.) Ross then filed a motion to vacate judgment (ECF No. 9), a motion for leave to file a reply out of time (ECF No. 10), a motion to consolidate 1:25-cv-01203-STA with 1:25-cv-01300-STA (ECF No. 15), and a motion for transcripts. (ECF No. 16.) Ross also filed a notice of appeal of the order dismissing his §2255 motion on March 16, 2026. (ECF No. 12.) On March 31, 2026, the Court entered an order as follows concerning the motion to vacate judgment.

> Ross' Notice of Appeal means the Court does not have the present ability to grant his request to reopen his dismissed § 2255 Motion and allow Ross to file his reply brief. The Sixth Circuit has prescribed the correct procedure in case of this sort, which allows a litigant to obtain Rule 60 relief even after his case is on appeal:
>
> > Where a party seeks to make a motion under Fed. R. Civ. P. 60(b) to vacate the judgment of a district court, after notice of appeal has been filed, the proper procedure is for that party to file the motion in the district court. If the district judge believes there should be relief from the judgment, the district court is to indicate that it would grant the motion. The appellant should then

> make a motion in this court for a remand of the case so that the district court can grant relief. Fed. R. Civ. P. 60(b).
>
> *United States v. Michigan*, 131 F.4th 409, 428 (6th Cir. 2025) (quoting *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 359 n.1 (6th Cir. 2001) (citation omitted).
>
> For the reasons already discussed, the Court finds that there is cause to relieve Ross from the judgment in his §2255 case. The Court would therefore grant Ross' Rule 60(b) Motion and allow Ross to file a reply brief.
>
> **Before the case can proceed, Ross must make a motion for remand with the United States Court of Appeals for the Sixth Circuit in his appellate case, No. 26-5229.** The Court will proceed once the Court of Appeals has considered the motion for remand.

(Ord. p. 4, ECF No. 14 (emphasis in original.)) Ross' appeal in 1:25-cv-01203-STA remains pending (Appeal No. 26-5229). Ross has not moved to remand in the appeal of that dismissal as suggested by this Court.

In the meantime, on December 29, 2025, Ross filed what purported to be another *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. The Clerk of the Court docketed this motion as case number 1:25-cv-01300-STA. Because this motion appeared to be a second or successive motion, on March 2, 2026, the Court transferred it to the United States Court of Appeals for the Sixth Circuit for a determination of whether Ross could file a second or successive § 2255 motion. (ECF No. 7.) On April 13, 2026, Ross filed a motion to consolidate this motion with the one he had filed in 1:25-cv-01203-STA. (ECF No. 9.)

On July 28, 2026, the Court of Appeals (Appeal No. 26-5175) issued an order concerning Ross' motion for an order authorizing this Court to consider his second or successive § 2255 motion. In its order, the Court of Appeals noted that it had directed Ross to file a corrected motion for authorization to file a second or successive § 2255 motion. Rather than doing so, he filed a

motion to remand to this Court or dismiss for lack of jurisdiction, asserting that his December 2025 motion was actually a Fed. R. Civ. P. 60(b) motion and not a second or successive § 2255 motion. The Court of Appeals transferred the December 2025 motion (1:25-cv-01300-STA) back to this Court for consideration of whether the December 2025 motion should be treated as a motion to amend his original motion in 1:25-cv-01203-STA.

In the interest of judicial economy, the Court **GRANTS** Ross' motion to consolidate 1:25-cv-01203-STA (ECF No. 15) with 1:25-cv-01300-STA (ECF No. 9.) The Clerk of the Court is **DIRECTED** to enter this order in both cases. The Court **DISMISSES** 1:25-cv-01300-STA as moot in light of the order of the Court of Appeals, and the Clerk will close that case.

Ross is hereby **ORDERED** to file all future documents in case 1:25-cv-01203-STA. This docket number should be clearly reflected on each document.

On August 27, 2026, Ross filed a memorandum of law in support of his § 2255 in case number 1:25-cv-01203-STA. (ECF No. 18.) The Court will consider this memorandum as well as the pending motions (ECF Nos. 9, 10, 16) after the Court of Appeals has ruled on Ross' appeal in 1:25-cv-01203-STA (Appeal No. 26-5229).

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 31, 2026